UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 09-371-GWU


JIMMIE R. SIMPSON,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


## INTRODUCTION

Jimmie Simpson brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.    Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.    If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Simpson, a 41-year-old former roof bolter and logger with a "limited" education, suffered from impairments related to his back and neck, hepatitis C, and a mood disorder.  (Tr. 16, 22-23). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 18, 22-23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 23-24).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Daryl Martin and relied upon by the ALJ  included an exertional restriction to light level work restricted from a full range by such non-exertional limitations as a limited ability to bend, twist, turn, squat, and reach.  (Tr. 62).  The question also included restrictions which had been given in an earlier hypothetical question such as (1) an inability to more than occasionally stoop; (2) a need to avoid exposure to whole body vibration; (3) an

inability to more than frequently perform overhead reaching; (4) an inability to ever climb ropes, scaffolds and ladders; (5) a need to avoid exposure to hazardous machinery and dangerous heights; and (6) a "moderate to marked" limitation in ability to handle, remember and carry out detailed instructions, maintain attention and concentration for extended time periods and respond appropriately to changes in the work setting. (Tr. 60). Despite these limitations, the individual would be able to handle simple instructions, make judgments commensurate with the requirements of unskilled work, respond appropriately to supervision, co-workers and work situations and deal with changes in a routine work setting. (Id.). In response, Martin identified a significant number of light level jobs which could still be performed. (Tr. 62-63). Therefore, assuming that the factors considered by the vocational expert fairly characterized Simpson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. James Chaney, a treating physician, diagnosed cervicalgia, chronic sprain/strain, multi-level degenerative disc dessication, chronic strain/sprain of the thoracic spine, multi-level degenerative disc disease of the lumbar spine and radiculopathy. (Tr. 641). Dr. Chaney opined that as a results of these problems, Simpson would need to avoid heavy lifting and heavy machinery, would have a  limited ability to bend, twist, turn, squat and reach and would be unable to lift or carry over 20 pounds. (Tr. 643). The physical factors

considered by Martin were consistent with this opinion.  Therefore, this opinion provides strong support for the administrative denial decision.

The record was reviewed by Dr. Carlos Hernandez in July of 2007.  Dr. Hernandez opined that Simpson would be limited to medium level work, would be unable to more than occasionally stoop, and would need to avoid concentrated exposure to vibrations.  (Tr. 469-476).  The physical factors considered by the vocational expert were more limiting than these and, so, this opinion also supports the administrative decision.

Dr. Jeffrey Stidam, an examining consultant, restricted Simpson from lifting more than 10 to 15 pounds and standing for more than one hour at a time.  (Tr. 416).  These are more severe limitations than those found by the ALJ.  The ALJ rejected Dr. Stidam's opinion and instead relied upon that of Dr. Chaney.  (Tr. 20).  In view of Dr. Chaney's status as a treating physician, this action appears appropriate.

Dr. Robert Hoskins also examined Simpson on one occasion during the time frame relevant to this appeal.[1]  Dr. Hoskins indicated that the plaintiff should not lift more than 10 pounds, would be restricted from walking or standing for a total of less than two hours a day, would be unable to balance, stoop, crouch, or kneel, would

---

[1]Dr. Hoskins also saw the plaintiff on one occasion in December of 2004 and noted a number of severe physical restrictions.  (Tr. 662-665).  This was well before the claimant's alleged disability onset date of December 2, 2005 and during a time period when he was still working.  Therefore, this report did not support the plaintiff's claim.

rarely be able to climb or crawl, and would need to avoid exposure to heights, moving machinery, and vibration.  (Tr. 657-658).  These are also more severe physical restrictions than those presented to the vocational expert.  The ALJ also rejected this opinion in favor of  that of Dr. Chaney and the court finds no error.  (Tr. 21-22).

The ALJ also dealt properly with the evidence relating to Simpson's mental condition.  Psychologist Syed Raza examined the plaintiff and diagnosed a mood disorder.  (Tr. 421).  Raza opined that the claimant would have a "fair" ability to understand and remember simple instructions and to sustain attention and concentration.  (Id.).  The mental factors of the hypothetical question were consistent with these limitations.  Problems with completing tasks in a normal amount of time would relate to physical problems beyond the examiner's expertise. (Id.).  Simpson was also said to have "poor" coping skills and would respond to pressures abnormally.  (Id.).  This was not presented to the vocational expert.  The undersigned notes that "fair" and "poor" were not defined by the examiner.  The plaintiff's Global Assessment of Functioning (GAF) was rated at 55.  (Id.).  Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Thus, this would not appear to be a totally disabling restriction.

Psychologists Lea Perritt and Edward Stodola each reviewed the record and opined that Simpson would be "moderately" limited in his ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended time periods, and to respond appropriately to changes in the work setting.  (Tr. 423-424, 477-478).  Perritt indicated that Raza's statement regarding the claimant's lack of coping skills was not supported by evidence in the record and entitled to no weight.  (Tr. 439).  The mental factors of the hypothetical question were compatible with these opinions.

Simpson has not raised any arguments concerning the ALJ's treatment of the evidence of record relating to his mental condition.  Therefore, the court finds that the ALJ dealt properly with the evidence of record relating to the plaintiff's mental status.

Simpson argues that the ALJ erred by failing to provide specific rationale for rejecting his testimony regarding his pain complaints.  However, the ALJ cited a number of reasons for this finding.  The ALJ noted that the plaintiff was not receiving any significant medical treatment nor taking medication for pain.  (Tr. 20). This lack of medical treatment and prescribed medication was inconsistent with a claim of totally disabling pain.  (Id.).  The ALJ noted that treatment records from Dr. Chaney recorded complaints of right hip and knee pain but that x-rays revealed only mild osteoarthritis.  (Tr. 21, 638-639).   Dr. Chaney indicated only a 15 percent impairment rating as a result of a combination of the claimant's cervical, thoracic

and lumbar problems.  (Tr. 21, 641).  The doctor only precluded a return to coal mining and indicated that a restricted range of light level work could still be performed.  (Tr. 21, 643).  In November of 2008, an MRI scan of the lumbar spine revealed degenerative changes but no disc herniation.  (Tr. 21 578).  An ultrasound of the claimant's liver revealed only mild enlargement.  (Tr. 21, 653).  Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 11th day of August, 2010.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**